# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| LASHAWN LAMONT JOHNSON, | ) | |
| | ) | Case No. 3:18-cv-179 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge H. Bruce Guyton |
| BUNCOMBE COUNTY, WALTER D. CUM, TENNESSEE BOARD OF PAROLE, KNOX COUNTY SHERIFF'S OFFICE, CANDICE WHISMAN, TENNESSEE DEPARTMENT OF CORRECTION, DAVIDSON COUNTY,[1] THOMAS WALKER, WILLIAM BUCKNER | ) ) ) ) ) ) ) ) ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION

Before the Court is a *pro se* prisoner's complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1). Pursuant to the Prisoner Litigation Reform Act ("PLRA"), the Court must conduct a screening of Plaintiff's complaint. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). For the reasons set forth below, this action will be **DISMISSED** as the complaint fails to state a claim upon which relief may be granted under § 1983.

---

[1] While the Court's docket lists "wrongful conviction" as a Defendant, it appears that Plaintiff intended to name Davidson County as a Defendant because of his allegation that he was wrongfully convicted there. (Doc. 1, at 1, 6–7). Accordingly, the Clerk is **DIRECTED** to update the Court's docket to reflect this.

## I. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe *pro se* pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. ALLEGATIONS OF THE COMPLAINT

In his complaint, Plaintiff alleges that the issuance of an arrest warrant for violation of parole and two arrests for a federal warrant for failure to appear violated his constitutional rights. (Doc. 1, at 5–6.) Specifically, Plaintiff alleges that on or about December 13, 2016, Defendant Cum, a probation officer with the Tennessee Board of Parole ("TBOP") lacked any jurisdiction

over Plaintiff, but still knowingly sent a notice of violation of parole to Plaintiff at an old address. (*Id.* at 5.) Also, in the statement of facts attached to his complaint, Plaintiff asserts that, despite Plaintiff and Sammi Manning notifying Defendant Cum that he was no longer assigned to Plaintiff's case on December 8 and 12, 2016, respectively, Defendant Cum called the Knoxville Police Department on December 12, 2016, stated that he was Plaintiff's parole officer, and requested a compliance check on Plaintiff, which resulted in Plaintiff being arrested for being a felon in possession of a firearm. (Doc. 1-2, at 1–3.) Plaintiff also alleges that on December 13, 2016, Defendant Cum filed a parole revocation warrant against Plaintiff that stated that Plaintiff lived in Oak Ridge, even though Defendant Cum knew that Plaintiff lived in Knoxville, and Plaintiff therefore asserts that the warrant was void. (*Id.* at 3.)

On December 21, 2016, Plaintiff missed a court date for his felony firearm possession charge. (*Id.* at 3.) Also, on January 2, 2017, Defendant Cum contacted Jacksboro police and told them to search and arrest Plaintiff. (*Id.* at 5–6.)[2]

Plaintiff further asserts that, on or about April 10 through April 18, 2017, Defendant Whisman illegally sent an e-mail directing all employees of the Tennessee Department of Correction ("TDOC") to arrest Plaintiff on sight for violation of probation despite knowing that a warrant had not issued for such a violation, which Plaintiff asserts resulted in unlawful imprisonment. (Doc. 1 at 5; Doc. 1-2, at 5–6.)

---

[2] While Plaintiff does not specify the reason for his search and arrest in his filings with this Court, it appears from Plaintiff's motion and an order in his ongoing criminal proceeding in this District that this incident resulted from the arrest warrant that Defendant Cum had issued due to Plaintiff's arrest on December 12, 2016, for a felony, which violated his parole conditions. *See United States v. Johnson*, No. 2:18-CR-017 (E.D. Tenn. filed January 9, 2018) (Doc. 514, at 2; Doc. 536, at 2.)

3

Subsequently, on April 25, 2017, the United States Marshal Service and/or a TDOC task force arrested Plaintiff for a federal charge of failure to appear and took him directly to Morgan County for his violation of parole charge—a charge which Plaintiff asserts resulted from Defendant Whisman's e-mail—without taking Plaintiff before a magistrate and without a warrant being issued. (*Id.* at 5–6.) Plaintiff posted bond for the federal failure-to-appear warrant, which he alleges violates his constitutional rights. (*Id.*) According to Plaintiff, he never violated the terms of his bond and was arrested twice for the same federal failure to appear warrant. (*Id.*)

Plaintiff also sets forth allegations regarding what he alleges is a wrongful conviction in Davidson County resulting from an unreasonable search authorized by Defendant Cum (*id.* at 6–7), as well as allegations of retaliation, staff watching him in the bathroom, denial of grievance procedure, and other improper treatment against officers and/or officials in Knox County, Tennessee, and Buncombe County, North Carolina. (Doc. 1-2, at 6.)[3]

### III. ANALYSIS

#### A. False Imprisonment, Malicious Prosecution, and Abuse of Process

As set forth above, Plaintiff's claims against Defendant Cum arise out of arrests on December 13, 2016, and January 2, 2017, which Plaintiff asserts Defendant Cum prompted by calling police to request a compliance check and/or arrest and search of Plaintiff or by issuing an arrest warrant. Plaintiff, however, asserts that Defendant Cum was no longer his parole officer and therefore lacked jurisdiction to initiate these searches and arrests and that the parole

---

[3] The complaint also sets forth allegations regarding an alleged assault on Bradley Thomas, who was listed on the complaint as a Plaintiff in this case, but did not sign the complaint or file a motion for leave to proceed *in forma pauperis*. Accordingly, the Court terminated Bradley Thomas from this matter [Doc. 16 n.1] and does not include those allegations herein.

revocation warrant was void because it had an incorrect address. Similarly, as set forth above, Plaintiff seeks to hold Defendant Whisman liable under § 1983 for sending an e-mail stating that TDOC officers should arrest him for violation of probation even though she lacked the authority to do so and no valid warrant existed to support such an arrest, which resulted in his arrest on April 25, 2017.[4]

While Plaintiff states that he seeks to hold Defendant Whisman liable for false imprisonment (Doc. 1, at 5), based on her acts as alleged in the complaint, he does not state what claim(s) he seeks to bring against Defendant Cum. Liberally construing the complaint in favor of Plaintiff, however, it appears that Plaintiff may seek to assert claims for false imprisonment, malicious prosecution, and/or abuse of process against both Defendants Cum and Whisman based on his three arrests set forth in the complaint.

A claim for malicious prosecution arising in violation of the Fourth Amendment is cognizable under § 1983. *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010). A plaintiff asserting a claim for malicious prosecution must establish that: (1) a prosecution was initiated against the plaintiff and the defendant participated in the decision to prosecute the plaintiff; (2) the criminal prosecution lacked probable cause; (3) the plaintiff suffered a deprivation of liberty as a result of the legal proceedings; and (4) the criminal proceeding was resolved in the

---

[4] While Plaintiff asserts that his arrests for a failure-to-appear charge violated his constitutional rights, nothing in Plaintiff's filings allows the Court to plausibly infer that any named Defendant was personally involved in these arrests. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983). As such, all assertions related to this charge fail to state a claim upon which relief may be granted under § 1983 as to any named Defendant.

5

plaintiff's favor. *Id.* at 308–09. A claim for false imprisonment and arrest[5] under § 1983 likewise requires a plaintiff to establish that officers lacked probable cause for the imprisonment or arrest. *Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005). A claim for abuse of process requires a plaintiff to demonstrate that the defendant "perverted" a criminal proceeding against him "to accomplish an ulterior purpose for which it was not designed." *Id*.

First, nothing in the record suggests that any underlying criminal prosecution of Plaintiff was resolved in Plaintiff's favor such that Defendants Cum or Whisman may be liable under § 1983 for malicious prosecution.

Moreover, nothing in the complaint allows the Court to plausibly infer that officers lacked probable cause to search, arrest, and/or imprison Plaintiff for felony possession of a firearm on December 13, 2016, that Jacksboro officers lacked probable cause to search, arrest, and/or imprison Plaintiff on January 2, 2017, or that officers lacked probable cause to arrest and/or imprison Plaintiff for a federal failure to appear charge and/or a violation of parole charge on April 25, 2017. While Plaintiff does assert that he never violated the terms of his bond, he does not set forth any facts from which the Court can plausibly infer that Defendants Cum and Whisman and/or the arresting officers had no probable cause to believe that he had done so at the times of his searches, arrests, or imprisonments.

Likewise, nothing in Plaintiff's filings suggests that Defendants Cum or Whisman acted improperly due to an ulterior motive with regard to any criminal proceedings against Plaintiff such that they may be liable under § 1983 for any claim for abuse of process.

---

[5] Under federal law, false arrest is a species of false imprisonment and, as such, the Supreme Court has referred to these torts collectively as "false imprisonment." *Wallace v. Kato*, 549 U.S. 384, 388–89 (2007).

In other words, accepting as true Plaintiff's allegations that Defendants Cum and Whisman lacked authority and/or jurisdiction to request that police officers search and/or arrest Plaintiff and making all plausible inferences in favor of Plaintiff, Plaintiff has not set forth any facts to suggest that the searches, arrests, and/or imprisonments at issue in his complaint violated his constitutional rights as required to assert a plausible claim under § 1983.[6] Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983 for Plaintiff's claims of false imprisonment, malicious prosecution, and/or abuse of process, and these claims will be **DISMISSED**.

### B. Wrongful Conviction

Plaintiff also seeks relief for what he alleges is a wrongful conviction in Defendant Davidson County resulting from Defendant Cum providing permission for an unreasonable search. (Doc. 1, at 7.) It also appears that Plaintiff may seek relief from other conviction(s) for a parole violation based on the acts of Defendants Cum and/or Whisman addressed above.

Plaintiff, however, has not alleged that any such convictions have been reversed or otherwise invalidated. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that if a judgment for plaintiff necessarily implies the invalidity of an underlying criminal conviction, the action must be dismissed unless the plaintiff can show the conviction has been reversed on

---

[6] Any such state law claims for false imprisonment, malicious prosecution, and abuse of process that Plaintiff sought to bring in this action would fail for the same reasons. *Brown v. SCOA Industries, Inc.*, 741 S.W.2d 916, 919–20 (Tenn. Crim. App. Sept. 30, 1987 (holding that claims for malicious prosecution and false imprisonment under Tennessee law require a lack of probable cause); *Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen, and Ginsburg, PA.*, 986 S.W.2d 550, 555 (Tenn. 1999) (holding that abuse of process requires both "an ulterior motive" and "an act in the use of process other than such as would be proper in the regular prosecution of the charge").

direct appeal, expunged by executive order, declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. *Id*. at 486.

As such, any claims Plaintiff seeks to assert as to any Defendant with regard to any convictions will be **DISMISSED.**

### C. Tennessee Board of Parole and TDOC

Plaintiff has also sued the Tennessee Board of Parole and the TDOC. However, these entities are agencies of the State of Tennessee and therefore are not "persons" who may be sued under § 1983. *Howlett v. Rose*, 496 U.S. 356, 365–66 (1990) (holding that "the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court"). As such, the Tennessee Board of Parole and TDOC will be **DISMISSED.**

### D. Defendant Walker

Plaintiff's only allegations as to Defendant Walker in his filings are as follows: "(Stg. Thomas Walker (KCSO) lied, perjury, false affidavit perjury)." (Doc. 1, at 6.) These allegations are conclusory and do not allow the Court to plausibly infer that Defendant Walker was personally involved in any violation of Plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (providing that formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief). As such, the complaint fails to state a claim upon which relief may be granted under § 1983 as to Defendant Walker, and he will be **DISMISSED**.

### E. Defendants Buncombe County, North Carolina, Knox County Sheriff's Office, and William Buckner

Plaintiff also sets forth a number of factual allegations against Buncombe County, North Carolina, Knox County Sheriff's Office, and/or William Buckner based on alleged violations of

8

his constitutional rights while he was in the custody of Buncombe County and/or Knox County. (Doc. 1-2, at 5–7.) None of these assertions states a claim for relief that Plaintiff asserts jointly, severally, or in the alternative with regard to Plaintiff's main claims against Defendants Cum, Whisman, TDOC, and Tennessee Board of Parole addressed above, however, as required for these Defendants to be properly joined under Federal Rule of Civil Procedure 20(a)(2).[7] As such, Plaintiff must file separate actions against these parties if he wishes to pursue those claims.

## IV. CONCLUSION

For the reasons set forth above:

1. The Clerk is **DIRECTED** to update the Court's docket to substitute Davidson County as a Defendant for "wrongful conviction";

2. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to any Defendant. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

3. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[7] Under Rule 20(a)(2) of the Federal Rules of Civil Procedure, persons may only be joined in one action as defendants where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Rule 20 does not, however, permit plaintiffs to join unrelated claims against different defendants in one lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).